UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMAL J. ELLIS,<br><br>    Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, MIKE OBELAND, D. HEAWARD,<br><br>    Defendants. | No. C14-5836 RBL-KLS<br><br>ORDER TO SHOW CAUSE |

Plaintiff Jamal J. Ellis, a pro se prisoner, seeks leave to proceed *in forma pauperis* and to file a civil rights complaint. Dkt. 1. Mr. Ellis also filed an amended list of defendants he wishes to add to his complaint. Dkt. 5. The Court has reviewed the complaint (Dkt. 1-1) and finds that it is subject to dismissal for failure to state a cognizable claim under 42 U.S.C. § 1983. For that reason, the Court declines to serve the complaint and orders that Mr. Ellis shall show cause why this case should not be dismissed. In the meantime, the Court will not rule on Mr. Ellis's application to proceed *in forma pauperis* (Dkt. 1) until he has responded to this Order so that he will not incur the $350.00 filing fee debt.

**DISCUSSION**

Mr. Ellis alleges that at a disciplinary hearing on November 10, 2010 at the Washington Corrections Center, he was sanctioned and 365 days good conduct time were taken from him.

ORDER TO SHOW CAUSE- 1

He further alleges that at disciplinary hearings between January 28, 2013 and November 21, 2013 at Clallam Bay Corrections Center, he was sanctioned and 225 days of good conduct time were taken from him. He alleges that these sanctions were discriminatory, unconstitutional, violated due process, and constituted cruel and unusual punishment. Dkt. 1-1, p. 3. He concedes that he cannot challenge the loss of good conduct time through a civil lawsuit, but asks for money damages. *Id.*, p. 4. Mr. Ellis states that he has exhausted the appeals process as to his infractions and loss of good conduct time through the superintendent. *Id.*, p. 2.

Mr. Ellis's complaint and this action appear to be barred by Supreme Court precedent. In *Heck v. Humphrey,* 512 U.S. 477, 487 (1994), the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)). A prisoner's challenge to the procedures used in a disciplinary proceeding resulting in the denial of good-time credit is not cognizable under § 1983. *Id.*, at 644.

Thus, even though Mr. Ellis does not seek restoration of his good time credits, he is challenging the procedures employed by Defendants that resulted in the loss of those privileges. The principal procedural defects of which Mr. Ellis complains, *i.e.,* lack of substantial evidence to support the infractions, would, if established, necessarily imply the invalidity of the loss of his good-time credits. *Edwards,* 520 U.S. at 647; *Butterfield v. Bail,* 120 F.3d at 1024.

ORDER TO SHOW CAUSE- 2

Because Mr. Ellis's constitutional challenge to various aspects of his disciplinary hearings, if successful, would necessarily imply the invalidity of the result of those hearings, he may not proceed with this § 1983 lawsuit until he has shown that the result of those hearings have been invalidated in state court.  In other words, he must first seek relief through a personal restraint petition in the Washington courts of appeal.  Because he has made no showing that he has done so, the instant complaint and this action are subject to dismissal without prejudice.

Based on the forgoing, it is hereby **ORDERED** that **by no later than December 3, 2014,** Mr. Ellis shall show cause why this matter should not be summarily dismissed. If he fails to adequately respond, the Court will recommend dismissal of this action for failure to state a claim.

**DATED** this 6th day of November, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE- 3